# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 16, 2008      Decided January 23, 2009

No. 07-1300

J.J. CASSONE BAKERY, INC.,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

BAKERY, CONFECTIONERY AND TOBACCO WORKERS' UNION,
LOCAL 3,
INTERVENOR

———

Consolidated with 07-1345

———

On Petition for Review and Cross-Application for
Enforcement
of an Order of the National Labor Relations Board

———

*Marc L. Silverman* argued the cause for petitioner. With
him on the briefs was *Laura B. Friedel*.

*Elizabeth A. Heaney*, Attorney, National Labor Relations
Board, argued the cause for respondent. With her on the brief
were *Ronald E. Meisburg*, General Counsel, *John H.*

*Ferguson*, Associate General Counsel, *Linda Dreeben*, Deputy Associate General Counsel, and *Fred B. Jacob*, Supervisory Attorney. *William M. Bernstein* and *Jill A. Griffin*, Attorneys, entered appearances.

Before: GINSBURG, GARLAND and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: The National Labor Relations Board held J.J. Cassone Bakery engaged in unfair labor practices when the Bakery, Confectionary, Tobacco Workers' & Grain Millers International Union Local No. 3, AFL-CIO attempted to organize Cassone's employees. Cassone argues the Board violated the Administrative Procedures Act and denied it due process by authorizing an Administrative Law Judge who had not been present at the reception of testimony to review the record and issue a decision. We deny Cassone's petition for review and grant the Board's cross-application for enforcement.

## I.   Background

Cassone is a family-owned commercial and retail bakery. In 1999 the Union tried to organize Cassone's employees for perhaps the sixth time in 20 years. *J.J. Cassone Bakery*, 350 N.L.R.B. No. 6, at 10 (June 26, 2007) (*Cassone II*). At the Union's request, the Board held an election but the Union was again unsuccessful, garnering only about 21 percent of the votes cast. *Id.* at 6.

The Union and two individual employees filed unfair labor practice charges alleging Cassone had threatened several Union supporters and fired two of them prior to the

election and had disciplined or fired several members of the organizing committee and other Union supporters after the election, all in violation of the National Labor Relations Act, 29 U.S.C. §§ 151-69. The General Counsel issued a complaint and Administrative Law Judge Howard Edelman, acting for the Board, held a 12-day hearing at which he heard the testimony of various employees and of management officials. ALJ Edelman ruled against the Company in all respects relevant to its petition for review. *J.J. Cassone Bakery*, 345 N.L.R.B. 1305 (2005) (*Cassone I*). Cassone objected on the ground that portions of Edelman's opinion were copied verbatim from the briefs filed by the General Counsel and by the Union.

The Board set aside the decision and remanded the case for review by a different ALJ in order to dispel any appearance of partiality created by Edelman's copying. The Board rejected Cassone's request for a new hearing because it was satisfied "Judge Edelman conducted the hearing itself properly." *Id* at 1305. The Board instructed the substitute ALJ to reopen the record only if necessary and instructed him to rely upon ALJ Edelman's "demeanor-based credibility determinations unless they are inconsistent with the weight of the evidence." *Id.*

In a "Supplemental Decision," ALJ Steven Davis agreed with all but one of ALJ Edelman's findings. *Cassone II*, 350 N.L.R.B. No. 6, at 5-27. Having conducted a "careful review of the record," Davis reported "Edelman's demeanor-based credibility determinations, with the exception of his credibility determination as to [one witness], are completely consistent with the weight of the evidence, and are also fully supported by the evidence." *Id.* at 6-7.

Cassone again sought review by the Board, excepting to ALJ Davis' "failure to observe the witnesses' demeanor and to make independent credibility resolutions," as well as to his reliance upon the original ALJ's credibility determinations. On review, the Board "carefully examined the record and [found] no basis for reversing" ALJ Davis' conclusions with regard to ALJ Edelman's credibility determinations. *Cassone II*, 350 N.L.R.B. No. 6, at 1. The Board affirmed ALJ Davis' findings of fact and conclusions of law in all respects relevant here. *Id.* at 1-4.

## II. Analysis

Cassone challenges the Board's Order on the ground that it violates both the APA and Cassone's right, under the Fifth Amendment to the Constitution of the United States, to due process of law; in both respects, the Company's objection is that the second ALJ based his decision upon the credibility of witnesses whose testimony he did not personally hear and see. As explained below, we do not consider whether the Board violated the APA because Cassone forfeited that argument; we hold only that the Board did not violate Cassone's right to due process.

### A. The APA claim

Section 554(d) of the APA provides: "The employee who presides at the reception of evidence ... shall make the recommended decision or initial decision required by section 557 of this title, unless he becomes unavailable to the agency." 5 U.S.C. § 554(d). Section 557(b) in turn provides: "When the agency did not preside at the reception of evidence, the presiding employee ... shall initially decide the case unless the agency requires, either in specific cases or by

5

general rule, the entire record to be certified to it for decision." *Id.* § 557(b). Cassone argues the Board violated § 554(d) because ALJ Davis issued a decision to which § 557(b) applies without having "preside[d] at the reception of evidence." We shall not consider this argument because it is forfeit, Cassone having failed to raise it before the Board at a proper time.

Section 10(e) of the National Labor Relations Act provides: "No objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). Although "we have not required ... the ground for the exception [to] be stated explicitly in the written exceptions filed with the Board, we have required, at a minimum [to preserve the point], that the ground be 'evident by the context in which [the exception] is raised.'" *Parsippany Hotel Mgmt. Co. v. NLRB*, 99 F.3d 413, 417 (1996) (citing *Consolidated Freightways v. NLRB*, 669 F.2d 790, 794 (D.C. Cir. 1981)).

Cassone contends it raised its § 554(d) argument by citing, in its brief to the Board in support of its exceptions to ALJ Davis' decision, a case that turns upon the predecessor to § 554(d). The Board, on the other hand, says the citation was not sufficient to put it on notice that Cassone intended to pursue an APA argument. In our view, regardless of the adequacy of the citation as notice, Cassone forfeited this argument by failing to avail itself of either of the two opportunities it had to raise the argument prior to filing exceptions to ALJ Davis' decision.

Pursuant to the regulations of the Board, Cassone could have raised its APA argument first in a motion for rehearing when the Board remanded the case to the second ALJ. *See* 29

C.F.R. § 102.48(d)(1) ("A party to a proceeding before the Board may ... move for reconsideration, rehearing, or reopening of the record after the Board decision or order"); *see also W & M Props. of Conn. v. NLRB*, 514 F.3d 1341, 1345 (D.C. Cir. 2008) ("If aggrieved by the Board's remedy, [the petitioner] should have filed a motion for reconsideration pursuant to the Board's rules and regulations"). Cassone had yet another opportunity to raise its APA argument after the Board remanded the case; at the outset of the proceeding on remand, ALJ Davis "offered the parties an opportunity to file a brief ... concerning the Board's Order, but none did." *Cassone II*, 350 N.L.R.B. No. 6, at 5 n.2. *See Millar v. F.C.C.*, 707 F.2d 1530, 1538 (D.C. Cir. 1983) ("[W]e think appellants' failure to raise before the substitute examiner the question of rehearing testimony constituted a waiver" of the argument).

By failing to raise its objection before the Board until after the second ALJ had issued his decision, Cassone deprived the agency of the most timely and least wasteful opportunity to remedy the alleged violation of § 554(d). As we observed in *Marcus v. Dir., Office Workers' Comp. Programs, U.S. Dep't of Labor*, 548 F.2d 1044, 1051 (1976), "[i]t will not do for a claimant to suppress his misgivings while waiting anxiously to see whether the decision goes in his favor. A contrary rule would only countenance and encourage unacceptable inefficiency in the administrative process." *Cf. United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has the opportunity for correction in order to raise issues reviewable by the courts").

Cassone had yet a third opportunity to raise its APA argument before the Board and again failed to do so. In its brief to the Board, Cassone never metioned an argument based upon § 554(d), nor did it even cite to that provision; the closest it came was to cite a case that turned upon the predecessor to § 554(d). As a practical matter we do not think a party can ordinarily be said to have given a tribunal actual notice of its argument merely by citing to a case relevant to that argument without so much as mentioning, let alone stating, the argument itself.

B.   Due process of law

Turning to Cassone's due process argument, we note that, in contrast with other aspects of a Board decision, which we review deferentially, *see Mall Contractors of America v. NLRB*, 514 F.3d 27, 31 (2008), "a reviewing court owes no deference to the agency's pronouncement on a constitutional question." *Lead Indus. Ass'n v. EPA*, 647 F.2d 1130, 1173-74 (D.C. Cir. 1980). In other words, we entertain Cassone's due process claim *de novo*. *See* 33 CHARLES ALAN WRIGHT & CHARLES H. KOCH, JR. FEDERAL PRACTICE & PROCEDURE: JUDICIAL REVIEW § 8363, at 256 (2008) ("Courts are free to conduct *de novo* review of an administrative resolution of a constitutional issue").

Cassone argues the Board denied it a fair hearing, and hence denied it due process, because ALJ Edelman's brief-copying created an appearance of partiality. *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982) ("[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities"); *United States v. Microsoft*, 253 F.3d 34, 46 (D.C. Cir. 2001) (en banc) (holding district judge's actions gave rise to "an appearance of partiality" and remanding to different district judge despite finding "no

evidence of actual bias"). In Cassone's view, only a new hearing could remedy the appearance of partiality created by Edelman's brief-copying. In response, the Board argues a new hearing was not necessary because review of the record by an independent ALJ and further review by the Board cured any appearance of partiality created by ALJ Edelman's copying.

This is, regrettably, far from the first Board case with a brief-copying ALJ. In *Casino Ready Mix v. NLRB*, 321 F.3d 1190, 1202 (2003), we affirmed the Board's decision because it "adopted the ALJ's findings only to the extent that they were consistent with the Board's Decision and Order. The Decision and Order reflects the Board's own independent review of the record, which the Board affirmatively states that it conducted." In *Waterbury Hotel Mgmt. v. NLRB* we recognized "wholesale cutting and pasting from proposed findings and conclusions warrants particularly close scrutiny, [but noted] we have never held ... this practice alone demonstrates impermissible bias" such as would deprive a petitioner of a fair hearing. 314 F.3d 645, 651 (2003) (internal citations omitted). Again we were satisfied with the Board's decision because the Board had "independently reviewed the entire record, including the judge's decision, in consideration of the exceptions and briefs." *Id.* (internal quotation marks omitted).

Cassone would have us distinguish *Waterbury* on the ground that here the Board's decision to remand the matter to a different ALJ rather than affirm Edelman's decision suggests the copyist conducted the hearing in a biased manner. For support, Cassone points to yet another case involving brief-copying by the self-same ALJ Edelman. *See Fairfield Tower Condominium Ass'n*, 343 N.L.R.B. 923 (2004). There, however, the Board accepted the copyist's

findings because "the Board itself ha[d] independently reviewed the entire record in consideration of the exceptions and briefs and .... conclude[d] that the judge's reliance here on the Charging Party's and General Counsel's briefs does not constitute reversible error." *Id.* at 923 n.1. So, too, in this case the Board affirmatively stated in its Order remanding the case that, notwithstanding his later scissors-and-paste approach to composition, ALJ Edelman "conducted the hearing itself properly." *Cassone I*, 345 N.L.R.B. at 1305. Cassone does not provide a single example from the hearing to suggest otherwise. Its distinction therefore fails.

We have not "mandated [a] process of analysis" for the Board to follow when reviewing an ALJ's decision that includes a significant portion copied from a party's brief. *Casino Ready Mix*, 321 F.3d at 1202. Instead, we have directed the Board to give "close scrutiny" to such a decision, *Waterbury*, 314 F.3d at 651, and to conduct its own independent review of the record, *Casino Ready Mix*, 321 F.3d at 1202. Here, the Board took pains to review the entire record when Edelman's offending decision first came before it, *Cassone I*, 345 N.L.R.B. at 1305, and it did so again when it reviewed ALJ Davis' subsequent findings, *Cassone II*, 350 N.L.R.B. No. 6, at 1 n.2; ALJ Davis also reviewed the entire record before making those findings, *id.* at 6. Their decisions clearly show both the Board and ALJ Davis closely scrutinized the record assembled by Edelman; the agency's careful reassessment of the record dispels any appearance of partiality along with Cassone's constitutional objection. We therefore conclude Cassone received a fair hearing consistent with its right to due process of law.

### III.  Conclusion

For the reasons set out above, we hold the Board did not violate Cassone's right to due process.  Cassone was not deprived of a fair hearing when the Board relied upon a decision issued by an ALJ who, although not present at the reception of evidence, reviewed the record assembled by the ALJ who was present and independently determined whether the presiding ALJ's findings were supported by the record. Cassone's argument that this procedure violated § 554(d) of the APA is forfeit because it was not timely presented to the Board, if it was presented at all, and therefore is not properly before us.

*So ordered.*