# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 2, 2019          Decided June 7, 2019

No. 18-1092

DIRECTSAT USA LLC,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

Consolidated with 18-1156, 18-1228

On Petitions for Review and Cross-Application
for Enforcement of Orders of
the National Labor Relations Board

*Eric P. Simon* argued the cause for petitioner DirectSat USA LLC. With him on the briefs were *Daniel Schudroff* and *Douglas J. Klein*.

*Arthur T. Carter* argued the cause for petitioner DIRECTV, LLC. With him on the briefs were *A. John Harper III* and *Arrissa K. Meyer*.

*Gregoire Sauter*, Attorney, National Labor Relations Board, argued the cause for respondent. With him on the brief

were *Peter B. Robb*, General Counsel, *John W. Kyle*, Deputy General Counsel, *David S. Habenstreit*, Assistant General Counsel, and *Usha Dheenan*, Supervisory Attorney.

Before: GRIFFITH and SRINIVASAN, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* SRINIVASAN.

SRINIVASAN, *Circuit Judge*: DirectSat installs and services satellite television equipment for DirecTV. During negotiations with a union representing its employees, DirectSat proposed that any new work that arose during the term of the agreement would not count as bargaining unit work unless it was "pursuant to its Home Service Provider agreement with DirecTV." The union repeatedly asked to see the full Home Service Provider agreement to understand the proposed scope of bargaining unit work, but the company provided it only a redacted, partial version.

The National Labor Relations Board found that DirectSat had refused to disclose information relevant to the union's statutory duties and thus violated its duty to bargain in good faith under the National Labor Relations Act. After the Board issued its decision, DirecTV filed a motion to intervene in the proceedings, which the Board denied. Each of the companies now seeks review of the Board's orders against them.

The Board reasonably concluded that DirectSat's bargaining proposal rendered the entire agreement relevant. And we see no basis to set aside the Board's denial of DirecTV's motion to intervene on the ground that it was filed too late. We therefore deny the companies' petitions for review and grant the Board's cross application for enforcement.

3

I.

DirectSat USA, LLC, installs and services satellite television equipment for DirecTV, LLC, a satellite television provider. From September 2014 until May 2016, DirectSat and International Brotherhood of Electrical Workers, Local Union 21, AFL-CIO (the Union) engaged in negotiations over a collective bargaining agreement. One issue that arose concerned whether future products or services other than installation and service of satellite television services would constitute bargaining unit work. The parties exchanged a series of "New Product Lines" proposals over that issue.

On November 4, 2015, DirectSat submitted a New Product Lines proposal containing the following term: "In the event [DirectSat] is engaged with respect to products or services other than those provided pursuant to its Home Service Provider agreement with DirecTV . . . , such work shall not be deemed bargaining unit work." Bargaining Proposal No. 78 (Nov. 4, 2015), J.A. 83. On November 23, 2015, the Union responded via email: "[O]ne of the company proposals references the HSP agreement with [DirecTV]. We'd like a copy of the agreement referenced in the proposal." Email from Dave Webster to Lauren Dudley (Nov. 23, 2015), J.A. 84. Two weeks later, DirectSat responded with a heavily redacted copy of the Home Service Provider agreement, which it described as "relevant to scope of work." Email from Lauren Dudley to Dave Webster (Dec. 4, 2015), J.A. 87.

In the ensuing months, the Union repeatedly demanded the full Home Service Provider agreement and DirectSat repeatedly refused. On February 16, 2016, the Union requested the information "to understand the relationship between AT&T [DirecTV's parent company] & DirectSat and the shared work." Email from Dave Webster to Eric Simon (Feb. 16,

2016), J.A. 92. On March 18, the Union again asked for "a FULL copy of the HSP agreement between DirectSat & DirecTV particularly because of the reference [i]n the New Product Lines proposal." Email from Dave Webster to Eric Simon (Mar. 18, 2016), J.A. 94.

On March 22, the parties held a bargaining session at which DirectSat acknowledged the Union's request for the full agreement and responded that the relevant portions had already been disclosed. During the session, the Union presented a counterproposal to the company's New Product Lines proposal in which the Union also referenced the agreement. On April 5, the Union reiterated via email its prior request for "a FULL copy" of the agreement "because of the reference" in the company's proposal. Email from Dave Webster to Eric Simon (Apr. 5, 2016), J.A. 96. And on May 19, the Union again requested a full copy via email, this time citing its need "to evaluate the extent of control of DirectSat by DirecTV/AT&T." Email from Dave Webster to Eric Simon (May 19, 2016), J.A. 104. The company responded that it had already supplied all relevant information.

On May 20, 2016, the Union filed an unfair labor practices charge with the National Labor Relations Board. On September 23, 2016, the Board issued a complaint and notice of hearing. The parties agreed to forgo a hearing and instead submit the matter on a stipulated record to an administrative law judge.

The administrative law judge found that DirectSat had violated the National Labor Relations Act by refusing to provide the full, unredacted agreement. *See* 29 U.S.C. § 158(a)(5). The judge initially determined that the Union lacked an objective basis for its belief that the document was relevant to a joint employer relationship. But the judge

concluded that the Union nonetheless had an entitlement to the unredacted document on a theory not argued by the Board's General Counsel—i.e., that the Union had a right to verify DirectSat's assertion that it had provided the relevant portions of the agreement.

DirectSat appealed that decision to the Board, which affirmed and ordered DirectSat to disclose the full, unredacted agreement. The Board relied on slightly different reasoning than the administrative law judge. It found that the Union was entitled to the unredacted agreement because DirectSat's bargaining proposal had defined the scope of bargaining unit by reference to the entire agreement. *See DirectSat USA, LLC*, 366 NLRB No. 40, 2018 WL 1409574, at *2 (Mar. 20, 2018). The Board also rejected DirectSat's argument that the administrative law judge violated the company's due-process rights by relying on a rationale not argued by the General Counsel. *Id.* at *1.

After the Board issued its decision, DirecTV filed a motion to intervene, asserting a confidentiality interest in the terms of the unredacted agreement between it and DirectSAT. DirecTV also moved for the Board to reopen the record and reconsider its decision. On July 25, 2018, the Board denied DirecTV's motion, holding that it was untimely and that, in any event, DirecTV's interests were adequately represented by DirectSat. *DirectSat USA, LLC*, 366 NLRB No. 141, 2018 WL 3608309 (July 25, 2018).

We now have before us DirecTV's petition for review of the Board's order denying its motion to intervene, DirectSat's petition for review of the Board's order mandating the disclosure of the full agreement, and the Board's cross-application for enforcement of its DirectSat order.

6

II.

We review the Board's determination of a constitutional issue de novo. *See J.J. Cassone Bakery, Inc. v. NLRB*, 554 F.3d 1041, 1044 (D.C. Cir. 2009). Otherwise, we "must uphold the judgment of the Board unless, upon reviewing the record as a whole, we conclude that the Board's findings are not supported by substantial evidence, or that the Board acted arbitrarily or otherwise erred in applying established law to the facts of the case." *Oberthur Techs. of Am. Corp. v. NLRB*, 865 F.3d 719, 723–24 (D.C. Cir. 2017) (internal quotation marks omitted).

A.

We first address the Board's denial of DirecTV's motion to intervene. The National Labor Relations Act allows any person to intervene in a Board proceeding "[i]n the discretion of the . . . Board." 29 U.S.C. § 160(b). We therefore review the Board's decision for abuse of discretion. Board regulations provide that "[a]ny person desiring to intervene in any proceeding must file a motion in writing or, if made at the hearing, may move orally on the record, stating the grounds upon which such person claims an interest." 29 C.F.R. § 102.29. Because neither the Act nor the Board's regulations impose any substantive limits on the Board's discretion, we ask whether the Board exercised its discretion in an arbitrary way and not whether its analysis is consistent with the standards set forth in FED. R. CIV. P. 24, as DirectSat urges us to do.

The Board reasonably rejected DirecTV's motion. The parties agree that, as of November or December 2016, DirectSat informed DirecTV that it was disclosing a redacted copy of the agreement between the companies to help resolve a pending Board charge. DirecTV then was on inquiry notice that disclosure of the agreement was an issue in an ongoing

Board matter. That notice occurred some seven months before the hearing in front of the administrative law judge, fifteen months before the Board's decision, and sixteen months before DirecTV moved to intervene. In that context, the Board reasonably concluded that "DirecTV filed its motion to intervene long after it knew or reasonably should have known" that an order requiring disclosure of the agreement was a possibility. *DirectSat*, 2018 WL 3608309, at *2.

DirecTV argues that the Board's denial of intervention was inconsistent with certain of the Board's previous decisions, as recounted in *Boeing Co.*, 366 NLRB No. 128, 2018 WL 3456226 (July 17, 2018). We disagree.

The Board generally denies post-hearing motions to intervene absent "changed circumstances warranting . . . late intervention." *Oak Harbor Freight Lines, Inc.*, 361 NLRB 884, 884 n.1 (2014). In *Boeing,* the Board observed that, "in rare instances, [it] has permitted posthearing intervention" (but declined to do so in *Boeing* itself). *Boeing*, 2018 WL 3456226, at *2 n.3. Unlike this case, each decision cited in *Boeing* in which the Board had granted a post-hearing motion for intervention involved changed circumstances or a legal issue that arose at some late hour. *See Drukker Commc'ns*, 299 NLRB 856 (1990) (permitting post-hearing intervention for sole purpose of litigating successor status by entity that had acquired respondent's assets in course of proceedings); *Premier Cablevision*, 293 NLRB 931 (1989) (same); *U.S. Postal Serv.,*, 275 NLRB 360 (1985) (permitting post-hearing intervention by national union when respondent argued for first time in post-hearing exceptions that national union was proper bargaining representative); *William Penn Broad. Co.*, 94 NLRB 1175 (1951) (permitting post-hearing intervention by union with which respondent had entered into renewal collective-bargaining agreement while representation petition

filed by different union was pending). The fact that the Board has allowed post-hearing intervention in such circumstances does not mean it must do so in every circumstance.

DirecTV's reliance on *Detroit Edison Co. v. NLRB*, 440 U.S. 301 (1979) is likewise unpersuasive. *Detroit Edison* establishes that the Board abuses its discretion if it fails to consider a party's established confidentiality interest when crafting an administrative remedy. *See id.* at 316–17. Had DirecTV been a party to the proceedings before the agency, the Board would have been required to consider DirecTV's confidentiality interest in the agreement. But *Detroit Edison* says nothing about whether DirecTV should have been permitted to intervene in those proceedings in the first place.

For those reasons, the Board acted within its authority in denying DirecTV's post-hearing motion for intervention on the ground that DirecTV's motion was untimely. We therefore have no occasion to address the Board's alternative rationale that DirectSat adequately represented DirecTV's interests.

B.

We next consider DirectSat's petition for review of the Board's order requiring disclosure of the full unredacted agreement. The Act imposes a duty on employers to bargain in good faith with employees and their representatives. 29 U.S.C. §§ 158(a)(5), (d). That duty encompasses a responsibility "to provide relevant information needed by a labor union for the proper performance of its duties as the employees' bargaining representative." *KLB Indus. v. NLRB*, 700 F.3d 551, 556 (D.C. Cir. 2012) (citation omitted).

The parties agree that agreement is not presumptively relevant because it does not pertain directly to bargaining unit

employees. *See Disneyland Park*, 350 NLRB 1256, 1257 (2007). The Union thus must demonstrate "a reasonable belief, supported by objective evidence," that the information in the redacted portions of the agreement is relevant to the performance of its duties as the bargaining representative. *Id.* at 1258. That is a "liberal discovery-type standard," in which relevance is "broadly construed." *KLB Indus.*, 700 F.3d at 556 (citation omitted).

The Board understandably determined that the agreement was relevant to the Union's duties because DirectSat itself incorporated the full agreement by reference. The company's bargaining proposal stated: "In the event [DirectSat] is engaged with respect to product or services other than those pursuant to its Home Service Provider agreement with DirecTV . . . , such work shall not be deemed bargaining unit work." Bargaining Proposal No. 78 (Nov. 4, 2015), J.A. 83. The company's contention that only portions of the agreement were relevant is belied by the proposal's own reference to the agreement as a whole.

In that context, the Union could not respond to the proposal in a manner consistent with its duty of fair representation without knowing what the agreement said as a whole. As the Board explained, the Union "cannot be reasonably expected to integrate another agreement between the employer and a third party into its own collective-bargaining agreement without having a complete understanding of the contents of the incorporated document and the context of the relevant portions within the document as a whole." *DirectSat*, 2018 WL 1409574, at *2. The company "was obligated to provide the full, unredacted HSP to the Union in order for the Union to evaluate the extent of work covered by the [company's] proposal." *Id.*

DirectSat finally contends that the administrative law judge infringed the company's due-process rights by requiring disclosure of the agreement based on a rationale that was not advanced by the Board's General Counsel.  In this setting, "due process is satisfied when a complaint gives a respondent fair notice of the acts alleged to constitute the unfair labor practice and when the conduct implicated in the alleged violation has been fully and fairly litigated."  *Pergament United Sales, Inc. v. NLRB*, 920 F.2d 130, 134 (2d Cir. 1990); *see also Tasty Baking Co. v. NLRB*, 254 F.3d 114, 122 (D.C. Cir. 2001) (favorably citing *Pergament* on this point).

While the administrative law judge relied on the notion that the Union had a right to verify DirectSat's account that it had supplied the relevant portions of the agreement, the Board rested on the slightly different rationale that DirectSat's bargaining proposal had rendered the full agreement relevant. DirectSat's relevant conduct under that rationale was encompassed by the Board's complaint and the dispositive issue was actually litigated before the administrative law judge. *See Davis Supermarkets, Inc. v. NLRB*, 2 F.3d 1162, 1169 (D.C. Cir. 1993).  The Complaint alleged that DirectSat had "failed and refused to furnish" the unredacted agreement, which was "necessary for, and relevant to, [the Union's] performance of its duties as the exclusive collective-bargaining representative."  Complaint & Notice of Hearing, J.A. 44.  And DirectSat's actions, the Complaint stated, constituted "failing and refusing to bargain collectively and in good faith . . . in violation of Section 8(a)(1) and (5) of the Act."  *Id*. Additionally, substantial portions of DirectSat's briefing before the administrative law judge addressed whether the proposal rendered the full agreement relevant.  The issue thus was fully and fairly litigated, and due process requires no more.

\* \* \* \* \*

For the foregoing reasons, we deny DirectSat's and DirecTV's petitions for review and grant the Board's cross-application for enforcement.

*So ordered.*